HARRIS, J.
Lewis was charged with seven counts of committing a lewd act upon a child.[1] During deliberation, the jury deadlocked and so advised the court. The court gave the Allen charge and sent the jury back to the jury room. Sometime later, the jury returned a verdict convicting Lewis on two counts and acquitting him on the remaining five counts. However, during jury polling, when a juror was asked whether the verdict read by the clerk was “her verdict,” the juror asked: “My personal verdict?” When the court an *863 swered in the affirmative, she responded: “Not guilty.”
The court then reminded the juror that there were seven counts involved and asked if she had heard the verdict on all of the counts read. When she responded that she had, the court then asked if those verdicts were her verdicts. This time she responded: “Yes.”
The issue before us is whether this colloquy adequately establishes that the verdict read in court was, in fact, the juror’s “personal verdict.” Her final affirmative response could either mean that she believed the defendant not guilty on five counts but guilty on two (as urged by the state) or it could mean that although she believed the defendant not guilty on all counts, she was willing to accept the compromise verdict in order to end the matter. Her initial statement that her personal verdict was that the defendant was not guilty lends greater support to the latter choice. The court should have made certain prior to accepting the jury verdict.
REVERSED for a new trial.
DAUKSCH, J., concurs.
GOSHORN, J., dissents, without opinion.

. The one additional count of capital sexual battery resulted in a judgment of acquittal at the clóse of the state’s case.